■ In the Matter of Suffolk County Fire Academy Vocational Education & Extension Board et al., Appellants, v New York State et al., Respondents. [891 NYS2d 553]—

Kane, J.

---

Petitioner Suffolk County Fire Academy Vocational Education & Extension Board (hereinafter petitioner) is a vocational institution which employs part-time, per diem instructors to train volunteer firefighters throughout the year. Petitioner is entitled to receive state aid from respondent Department of Education (*see* Education Law § 1104). In response to petitioner's claim for state aid for the 2007-2008 fiscal year, the Department determined that petitioner was entitled to $250,403.41. Petitioners, who believed that the amount should have been $381,569.88, commenced this proceeding challenging the financial aid determination. Supreme Court dismissed the petition, prompting this appeal. We reverse.

Education Law § 1104 requires respondent Commissioner of Education to apportion out of public funds "to each county maintaining approved vocational education and extension work, a quota amounting to one-half of the salary paid each teacher, director, assistant, and supervisor, but not to exceed [$10,500]" for each such employee (Education Law § 1104 [1]). The Department applied a complex formula for determining state aid to petitioner. Using definitions in Education Law § 3101, the Department determined that "teachers" included only full-time staff and "salary" constituted compensation paid to a teacher for a full school year. Because a full school year contains 190 days (*see* Education Law § 3204 [4] [a]), the Department divided $21,000—the maximum allowable salary under Education Law § 1104—by 190 to reach a maximum daily salary of $110.52. The Department multiplied this maximum daily salary by the number of days worked by each of petitioner's employees, then applied the 50% reimbursement provided by Education Law § 1104 (1) to the lesser of either this calculated maximum amount or the amount that petitioner actually paid the employee. On the other hand, petitioner simply contends that it is entitled to state aid equal to half of the amount it paid each of its teachers who earned less than $21,000 in a year, and $10,500 for each teacher paid more than that amount. For the year at issue, the competing formulas produced a difference of more than $130,000.

The Department's calculations were based upon a strained interpretation of the statutory language. Statutory construction is

a function for the courts (*see Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47-48 [1988]), which look first to the words used by the Legislature because "unambiguous language of a statute is alone determinative" (*Riley v County of Broome*, 95 NY2d 455, 463 [2000]). Neither Education Law § 1104 nor any other provision of Education Law article 23 contains a definition of the word "salary." We are not required to use the definition of salary included in Education Law § 3101 (3), as that statute limits the application of its definitions to Education Law article 63 alone (*see Schneider v Ambach*, 135 AD2d 284, 286-287 [1988]). A leading legal dictionary defines salary as agreed compensation for professional services, usually paid on a yearly basis rather than an hourly basis (*see* Black's Law Dictionary 1364 [8th ed 2004]). Even if the word "salary" in Education Law § 1104 means yearly compensation, the Department's determination to use a daily maximum figure to prorate salary as applied to part-time, per diem employees is not a reasonable interpretation. In its request for state aid, petitioner listed the yearly amount earned by and paid to each of its employees, regardless of whether the employee worked only a few days during the year. Based upon a plain reading of the statute, that amount was the employee's salary. The Department abused its discretion by using its formula rather than simply reimbursing half of whatever petitioner paid to its instructors up to the $10,500 cap.

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, and matter remitted to respondent Department of Education for further proceedings not inconsistent with this Court's decision.